DARLING *v.* DARLING.

1. DEED—EQUITABLE MORTGAGE—RECONVEYANCE.

Where complainant deeded lands to secure a loan, and his wife afterwards paid the loan out of her money, and with her husband's assent took a deed to the property, he was entitled to have the deed to his wife declared an equitable mortgage, and the property reconveyed to him by the wife's heirs on payment of the amount of the loan, with interest.

2. SAME—BETTERMENTS—LIENS—HUSBAND AND WIFE.

Moneys expended by a wife in improving a farm belonging to her husband, but deeded to her to secure money advanced in discharge of·a mortgage, will not, in the absence of any agreement that she should have a lien for the amount, entitle her heirs to such a lien, after payment by the husband of the amount originally advanced; such additional sums constituting, at most, a personal obligation.

Appeal from Shiawassee; Smith, J. Submitted January 30, 1900. Decided March 13, 1900.

Bill by Butmister W. Darling against Oren Darling and others to have a certain deed decreed an equitable mortgage. From a decree for complainant, defendants appeal. Affirmed.

*S. S. Miner*, for complainant.

*Lyon & Hadsall* and *Frank H. Watson*, for defendants.

HOOKER, J. The complainant, a man advanced in years, was the owner of 120 acres of land, upon which he resided for many years. The land was mortgaged, and after foreclosure he borrowed $2,005 from Tillotson, who lived in New York. The loan was made through William Dennis, who lived in Ovid, Mich.; he being a brother-in-law of Tillotson, and his agent in the transaction. The

loan was for three years. Complainant deeded the land
to Tillotson, and took back an ordinary land contract.
This transaction occurred in November, 1888; and in
December, 1888, Tillotson, by his attorney, William
Dennis, made a quitclaim deed of the premises to Lorena
M. Dennis, the wife of William Dennis. This was done,
as we understand it, to enable her to reconvey the land
during Dennis' absence in Europe, in case the loan should
be paid. It is not claimed that Dennis or his wife had
any claim upon the property or debt. They merely rep-
resented Tillotson. In 1892 Mrs. Darling, the complain-
ant's wife, received about $5,000 from the estate of her
brother; and, upon payment by her to Mrs. Dennis of
$2,005.57, the latter gave to her a quitclaim deed of the
land. This was done with the assent of her husband. It
was understood that the title should vest in her. She
paid something towards some improvements that were
made upon the farm, and, in short, the remainder of her
money was used up, probably for the family, and perhaps
partly in paying some debts incurred by her husband.
Counsel so claim, and at all events the money appears to
have been used up prior to her death, which occurred in
1898. Counsel for the complainant files this bill against
the children and heirs of Mrs. Darling to have the deed
to Tillotson decreed to be an equitable mortgage, and to
compel a reconveyance of the premises to the complainant
on payment of the amount that should be found due from
him to his said wife. The learned circuit judge so decreed,
and the defendants have appealed.

The attitude of these children towards their father does
not appeal strongly to our sense of justice. We are satis-
fied that their mother's understanding was that the title
to the farm should be placed in her name, not only to pro-
tect her for the amount of money paid by her upon the
mortgage, but also to avoid danger of losing it through an
unwise disposition of it by mortgage or otherwise by her
husband. He was content that it should be so, but
neither expected that upon her death he would be

turned out to shift for himself, that the children might divide the property among themselves. She took a quit-claim deed by the husband's consent, but this amounted to no more than an assignment of the equitable mortgage of Tillotson. The complainant never conveyed his equity of redemption, unless it be by an estoppel, and we think it would be inequitable to allow the defendants to claim that. The most that we can say, then, is that the mother held an equitable mortgage upon the place for the amount paid Dennis, with interest. It is said that we should make the betterments a charge upon the place, but we think not. The complainant gave no mortgage for such sums, and they are, at most, a personal obligation. The defendants are insisting upon their "pound of flesh," and must be satisfied with it. We think, however, that the old people never contemplated that the husband would be charged for what money was spent by the wife for the family, or in carrying on the farm. On the other hand, it was never intended that she would pay rent.

We think, therefore, that the decree was a just one, and it is affirmed, with costs.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred. GRANT, J., took no part in the decision.